21-3085-cr
*United States v. Koshkin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-four.

PRESENT:    John M. Walker, Jr.,
            Steven J. Menashi,
                    *Circuit Judges*,
            Orelia E. Merchant,
                    *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                                          No. 21-3085

OLEG KOSHKIN,

      *Defendant-Appellant*.[†]

_____

---

[*] Judge Orelia E. Merchant of the United States District Court for the Eastern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

For Appellee:                          EDWARD CHANG (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.


For Defendant-Appellant:               JOHN S. WALLENSTEIN, Law Office of John S. Wallenstein, Garden City, NY.

Appeal from a judgment entered in the United States District Court for the District of Connecticut (Shea, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Oleg Koshkin appeals from a judgment of conviction entered on December 13, 2021, by the United States District Court for the District of Connecticut. After a jury trial, Koshkin was found guilty of one count of conspiracy to cause intentional damage to a protected computer in violation of 18 U.S.C. § 371 and 18 U.S.C. §§ 1030(a)(5)(A), 1030(b), and 1030(c)(4)(B); and one count of aiding and abetting the causing of intentional damage to a protected computer in violation of 18 U.S.C. §§ 1030(a)(5)(A), 1030(b), and 1030(c)(4)(B) and 18 U.S.C. § 2. The jury found that Koshkin, through his company Crypt4u, provided crypting services to Peter Levashov, who operated an illegal botnet known as the "Kelihos botnet."

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I**

First, Koshkin argues that the government did not present sufficient evidence as to either count. He contends that there was insufficient evidence that

2

he knowingly participated in the conspiracy, that he knowingly aided and abetted Levashov in committing a crime, or that the Kelihos botnet damaged at least ten computers.

We review a challenge to the sufficiency of the evidence de novo, "viewing the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Zhong*, 26 F.4th 536, 559 (2d Cir. 2022) (internal quotation marks omitted). A defendant "cannot prevail on a sufficiency-of-the-evidence challenge if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 560 (internal quotation marks omitted).

The government presented sufficient evidence from which a jury could reasonably conclude that Koshkin knew that Levashov was operating an illegal botnet and intentionally assisted Levashov in doing so. The evidence showed that Crypt4u developed a high-volume automated crypting system specifically for Levashov's Kelihos botnet. Furthermore, the government presented transcripts of online chat conversations between Levashov and the user handle "admin@crypt4u" regarding crypting services. In one such chat, Levashov wrote that he was operating a "Clickbot," which Levashov testified is a "type of bot which generate[s] fake traffic." Gov't App'x 153, 155. And there was evidence that Koshkin was the user behind the admin@crypt4u handle.

The government also presented sufficient evidence from which a jury could reasonably conclude that the botnet infected thousands of computers, let alone ten or more.

## II

Second, Koshkin argues that the government did not present sufficient evidence that venue was proper in the District of Connecticut, and he contends that the district court erred in failing to instruct the jury as to venue.

3

"Venue is proper in any district in which [the] defendant committed the crime, and the government must prove venue by a preponderance of the evidence." *United States v. Bala*, 236 F.3d 87, 95 (2d Cir. 2000). Venue is proper under 18 U.S.C. § 1030(a)(5)(A) when the government establishes that the defendant "damaged a protected computer located in the [district]." *United States v. Calonge*, 74 F.4th 31, 36 (2d Cir. 2023).

However, "even though [venue] is afforded significant Constitutional protection, a defendant's right to proper venue is a personal defense subject to waiver." *United States v. Novak*, 443 F.3d 150, 161 (2d Cir. 2006). And we have held that a defendant's "objections to venue are waived" when the defendant "fail[s] to object to venue at any point during the district court proceedings." *United States v. Matera*, 489 F.3d 115, 124 (2d Cir. 2007); *see also United States v. Grammatikos*, 633 F.2d 1013, 1022 (2d Cir. 1980) (explaining that when a defendant did not request a jury instruction as to venue and did not object "to the court's failure to include such charges … we have long and consistently held such issues to have been waived" and citing cases); *Bala*, 236 F.3d at 95 ("[A] defendant's objections to venue are waived unless specifically articulated in defense counsel's motion for acquittal.") (internal quotation marks and alteration omitted).

Here, Koshkin did not object to venue in the district court or request a jury instruction as to venue. He has therefore failed to preserve the issue for appeal. In any event, the district court's failure to instruct the jury as to venue was not plainly erroneous. *See Grammatikos*, 633 F.2d at 1022 (holding that the defendant had waived venue by failing to request a jury instruction as to venue and further concluding that the district court's failure to instruct the jury was not plainly erroneous). There was evidence that the botnet infected tens of thousands of computers, and Levashov testified that he "[p]robably" had "at least one bot from every state." Gov't App'x 204. A jury could find by a preponderance of the evidence that at least one of the infected computers was located in Connecticut.

4

\*   \*   \*

We have considered Koshkin's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court